**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ALVIN E. WISEMAN,**

**Plaintiff,**

**vs.**

**Civil Action 2:04-CV-1110**
**Judge Graham**
**Magistrate Judge King**

**UNIVERSAL UNDERWRITERS INSURANCE COMPANY, et al.,**

**Defendants.**

## REPORT and RECOMMENDATION

On October 18, 2004, Plaintiff, Alvin Wiseman [hereinafter "Plaintiff"], administrator of the Estate of Steven Wiseman, filed an action in the Common Pleas Court of Meigs County, Ohio, seeking compensatory and punitive damages in connection with Defendants' handling of Steven Wiseman's defense in a state court products liability action, pursuant to Defendant's liability policy. On November 22, 2004, Defendants removed this action to this Court as a diversity action under 28 U.S.C. § 1332. This matter is now before the Court on Plaintiff's motion to remand this case to state court. Doc. No. 8.

## I. Background

Plaintiff is the administrator of the Estate of Steven Wiseman, *Complaint,* at ¶ 1, who was employed by Ackers, Inc. Pursuant to an insurance policy, Universal Underwriters Insurance

Company [hereinafter "Universal"] agreed to defend Ackers, Inc., and any of its employees in any claim for injury or death resulting from the negligent sale of products or the sale of defective products and to pay any final judgment in such action in an amount not to exceed $3,500,000. *Id.,* at ¶ 6. On August 10, 2000, Crystal L. Wright [hereinafter "Ms. Wright"] sustained permanent injuries while riding an allegedly defective motorcycle sold by Ackers, Inc. *Id.,* at ¶¶ 8, 9. Soon thereafter, Ms. Wright instituted a products liability action against Ackers, Inc. and Steven Wiseman in Ohio state court for injuries sustained in that accident. *Id.,* at ¶ 11. The case proceeded to trial and Ms. Wright was awarded in excess of $6,278,703, plus attorney fees in the amount of $233,558. *Id.,* at ¶ 23. After filing a motion for a new trial, Steven Wiseman [hereinafter "decedent"] died and his estate was substituted as a party defendant in that action. That action has since been resolved. *Id.,* at ¶ 25.

In the present action, Plaintiff alleges that Universal and Mark Peters [hereinafter "Mr. Peters"], an employee of Universal [collectively hereinafter "Defendants"], negligently and in bad faith handled decedent's defense in the earlier products liability action. *Id.,* at ¶¶ 32, 36. Specifically, Plaintiff alleges that Defendants negligently and in bad faith refused Ms. Wright's offers of settlement, *Id.,* at ¶¶ 16, 17, 27, failed to inform decedent of proposed offers of settlement, *Id.,* at ¶¶ 16, 17, 21, 22, 27, 29, and failed to advise decedent of his apparent and probable liability, *Id.,* at ¶¶ 14, 19. Plaintiff also alleges that Defendants acted in bad faith and in breach of their fiduciary duties by failing to inform decedent of a conflict of interest between him and Ackers, Inc., and of his consequent right to separate counsel. *Id.,* at ¶ 30.

## II. Motion to Remand

On November 22, 2004, this action was removed to federal court as a diversity action, 28 U.S.C. § 1332. Recognizing that both Plaintiff and Defendant Peters are residents of Ohio, Universal contends that Plaintiff cannot maintain a cause of action against him and that, in his absence, complete diversity exists. Plaintiff seeks remand to state court, maintaining that Mr. Peters has been properly joined as a party defendant.

### A. Standard

In determining whether a motion to remand is proper, the Court must first determine whether the action was properly removed. Removal statutes are strictly construed and the party seeking removal bears the burden of establishing its right thereto. *Her Majesty The Queen in Right of the Province of Ontario v. City of Detroit,* 874 F.2d 332, 330 (6th Cir. 1989); *Wilson v. United States Dept. of Agriculture,* 584 F.2d 137, 142 (6th Cir. 1978); *City of Tipp City v. City of Dayton,* 204 F.R.D. 388 (S.D. Ohio 2001). Defendants removed this matter pursuant to § 1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ...." 28 U.S.C. § 1441(a). Defendants argue that this Court is vested with diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1] Where an action is removed based upon diversity jurisdiction, complete diversity of citizenship between the plaintiff and defendants must exist at the time of removal. *Conye v. American Tobacco Co.,* 183 F.3d 488,

---

[1]Section 1332(a) reads in pertinent part:

> The district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between
>
> (1) citizens of different States; ...

28 U.S.C. § 1332.

492 (6th Cir. 1999). "Diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the others side of the litigation." *Boladian v. UMG Recordings, Inc.,* 123 Fed. Appx. 165, 167 (6th Cir. 2005) (quoting *SHR Ltd. Partnership v. Braun,* 888 F.2d 455, 456 (6th Cir. 1989)). However, fraudulent joinder of a non-diverse defendant will not defeat removal based upon diversity jurisdiction. *Id.,* 123 Fed. Appx. at 167; *Terry v. Jackson,* 19 Fed. Appx. 377, 378 (6th Cir. 2001).

To prove fraudulent joinder, the removing party must show that plaintiff cannot, as a matter of law, establish a cause of action against the non-diverse defendant. *Id.,* 123 Fed. Appx. at 168; *Conye,* 183 F.3d at 493. "However, if there is a colorable basis for predicting that a plaintiff may recover against [a] non-diverse defendant[ ], this Court must remand the action to state court." *Conye,* 183 F.3d at 493. Any disputed questions of fact and ambiguities in the controlling state law should be resolved in favor of the non-removing party. *Id.* (quoting *Alexander v. Electronic Data Sys. Corp.,* 13 F.3d 940, 949 (6th Cir. 1994)). "All doubts as to the propriety of removal are resolved in favor of remand." *Id.* Furthermore, the plaintiff's actual motive in joining a party is immaterial to the determination regarding fraudulent joinder. *Id.*

**B. Application**

In the case at bar, the complete diversity required by 28 U.S.C. §1332 turns on whether Plaintiff fraudulently joined Mr. Peters, a non-diverse defendant. Fraudulent joinder arises when the removing party, "present[s] sufficient evidence that [Plaintiff] could not have established a cause of action against [the] non-diverse defendant[ ] under state law." *Conye,* 183 F.3d at 493. Therefore, this Court must determine whether Plaintiff "had at least a colorable cause of action against [Mr. Peters] in the [Ohio] state courts." *See Jerome-Duncan, Inc. V. Auto-By-Tel, Inc.,* 176

F.3d 904, 908 (6th Cir. 1999) (citing *Alexander v. Electronic Data Sys. Corp.,* 13 F.3d 940, 949 (6th Cir. 1994)).

Defendants contend that Mr. Peters is not a proper defendant in this action because Mr. Peters owed no duty to Plaintiff or his decedent. According to Defendants, "the duty established for the handling of insurance claims falls upon the insurance carrier, not the individual employees of the carrier." *Motion in Opposition,* p. 3, Doc. No. 17. While it is unclear whether an insurance agent can be liable to an insured for bad faith[2] or breach of fiduciary duty,[3] Ohio law clearly establishes that an insurance agent can be held liable for negligence. *See, e.g., Clements v. Ohio State Life Insurance Co.,* 33 Ohio App. 3d 80, *84 (1st Dist. 1986) (an insurance agent may be held personally liable for misrepresentations); *Heights Driving School, Inc. v. Motorists Insurance Co.,* 2003 WL 1759744, *5 (Ohio App. 8th Dist. 2003) (Ohio law recognizes a claim for negligent misrepresentation against an insurance agent); *Gerace-Flick v. Westfield National Insurance Co.,* 2002 WL 31168883, *4-5 (Ohio App. 7th Dist. 2002) (an action for negligence may be based upon an insurance agent's failure to procure insurance); *Lawson v. Ohio Casualty Insurance Co.,* 1994

[2]Most cases suggest that the duty to act in good faith arises from the insurance contract. Because the insurance agent is not a party to the insurance contract, it is unlikely that an insurance agent can be held liable for bad faith. *Nationwide Mutual Fire Insurance Co. v. Masseria,* 1999 WL 1313637, *5 (Ohio App. 11th Dist. 1999) ("An *insurer* owes its insured the general duty to act in good faith in the handling and payment of the claims of its insured. [citation omitted]. Indeed, in every insurance contract there is an implied covenant of good faith and fair dealing. [citation omitted]. A breach of this duty on the part of the *insurer* to act in good faith and to engage in fair dealing will give rise to a cause of action against the *insurer.*" (emphasis added)); *Zoppo v. Homestead Insurance Co.,* 1993 WL 262641, *3 (Ohio App. 8th Dist. 1993) (duty of good faith arises from insurance contract); *Pizzino v. Lightning Rod Mutual Insurance Company,* 93 Ohio App. 3d 246, 254 (8th Dist. 1994) (insurer's duty of good faith and fair dealing derives from and exists solely because of its contractual relationship with its insured). *But see MBE Collection, Inc. v. Westfield Companies, Inc.,* 2002 WL 598320, *2 (Ohio App. 8th Dist. 2002) (an insurance agent has a duty of good faith and reasonable diligence in obtaining insurance requested by a customer, and in advising the customer who relies on the agent's expertise).

[3]*Heights Driving School, Inc. v. Motorists Insurance Co.,* 2003 WL 1759744, *5 (Ohio App. 8th Dist. 2003) (a fiduciary relationship does not exist between an insurance agent and an insured).

WL 245846, *3 (Ohio App. 8th Dist. 1994) (an agent has a duty to exercise reasonable care in advising customers about the terms of requested insurance coverage).

As noted *supra*, Defendants bear the burden of establishing that removal of this case was proper. In this case, Defendants have failed to establish that Plaintiff has fraudulently joined Mr. Peters. In their memorandum in opposition to the motion to remand, Defendants do not cite even a single case standing for the proposition that an employee of an insurance company cannot be sued individually for his allegedly tortious conduct. Because, as noted *supra,* Ohio law appears to contemplate a claim against an insurance agent on a theory of negligence, and because this Court must resolve all doubts regarding the propriety of removal in favor of the non-removing party, *Conye,* 183 F.3d at 493, this Court concludes that Mr. Peters has not been fraudulently joined as a defendant in this case. With his joinder, there is not complete diversity and this Court lacks diversity jurisdiction. Under these circumstances, the removal of this action was improper.

It is **RECOMMENDED** that Plaintiff's motion to remand, Doc. No. 8, be **GRANTED** and that the action be remanded to the Common Pleas Court of Meigs County, Ohio.

If any party seeks reconsideration of this **REPORT and RECOMMENDATION**, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this **REPORT and RECOMMENDATION**, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Responses and objections must be filed within ten (10) days after being served with a copy hereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the **REPORT and RECOMMENDATION** will result in a waiver of the right to initial *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the **REPORT and RECOMMENDATION**. *See Thomas v. Arn,* 474 U.S. 140 (1985); *Harris v. City of Akron,* 20 F.3d 1396 (6th Cir. 1994); *Smith v. Detroit Federation of Teachers, Local 231, American Federation of Teachers, AFL-CIO,* 829 F.2d 1370 (6th Cir. 1987).

June 13, 2005

*s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge