IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Alvin E. Wiseman,

    Plaintiff,

  v.                         Case No. 2:04-cv-1110

Universal Underwriters
Insurance Company, et al.,

    Defendants.

OPINION AND ORDER

This is an action filed by plaintiff Alvin Wiseman, administrator of the estate of Steven Wiseman, against Universal Insurance Company ("Universal"), a Kansas corporation, Mark Peters, an employee of Universal, and various other John Doe defendants. The action was originally filed in the Court of Common Pleas of Meigs County, Ohio on October 18, 2004. On November 22, 2004, Universal filed a notice of removal to this court based on diversity jurisdiction.

On December 20, 2004, plaintiff filed a motion to remand the action to the state court on the ground that defendant Peters is an Ohio resident, and therefore complete diversity is lacking. Defendants opposed the remand, arguing that the joinder of Peters was fraudulent because plaintiff's complaint failed to state a claim against him under Ohio law. On June 13, 2005, the magistrate judge issued a report and recommendation on the motion to remand, recommending that the action be remanded to state court. On June 27, 2005, defendants filed their objection to the report and recommendation. On July 14, 2005, plaintiff filed a memorandum contra defendants' objection.

This matter is now before the court for a ruling on the objection. In considering the recommendation of the magistrate judge, this court will employ the de novo standard of review.

The removal of an action to federal court based on diversity jurisdiction is proper only when complete diversity exists at the time of removal, that is, when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation. Coyne v. American Tobacco Co., 183 F.3d 488, 492 (6th Cir. 1999). The party seeking to bring the case into federal court bears the burden of establishing diversity jurisdiction. Certain Interested Underwriters at Lloyd's London, England v. Layne, 26 F.3d 39, 41 (6th Cir. 1994); Her Majesty The Queen in Right of the Province of Ontario v. City of Detroit, 874 F.2d 332, 339 (6th Cir. 1989)(party seeking removal bears the burden of establishing right to remove).

Fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds. Alexander v. Electronic Data Sys. Corp., 13 F.3d 940, 949 (6th Cir. 1994). To prove fraudulent joinder, "the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." Coyne, 183 F.3d at 493. However, "if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants," the action must be remanded to state court. Id.

An action is "colorable" if it is reasonable but speculative, that is, if there is a reasonable basis for predicting that state law might impose liability on the defendant under the facts alleged. Filla v. Norfolk Southern Ry. Co., 336 F.3d 806, 810 and

2

n. 10 (8th Cir. 2003). In Filla, the court concluded that the claim in the complaint was colorable even though the district court and the parties were unable to locate state authority which specifically recognized a cause of action under the circumstances present in that case. In Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1999), the court defined a "colorable" action as existing where there is even a possibility that the state court would find that the complaint states a cause of action. The court stated that a claim is not colorable if it is wholly insubstantial and frivolous, and further noted that a claim could be "colorable" even if it ultimately does not withstand a motion to dismiss in state court. Id. at 852-53.

The district court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non-removing party, and all doubts as to the propriety of removal are resolved in favor of remand. Coyne, 183 F.3d at 493. However, the district court may not find fraudulent joinder based on the court's view of the merits of the claims or defenses. Collins ex rel. Collins v. American Home Products Co., 343 F.3d 765, 769 (5th Cir. 2003)(citing Chesapeake & Ohio Ry. v. Cockrell, 232 U.S. 146, 153 (1914). Further, the court is not required to definitively settle ambiguous questions of state law. Filla, 336 F.3d 811. Rather, the court in Filla noted that the better practice is for the court not to decide the doubtful question of state law, but to remand the case, leaving the question of state law for the state courts to decide. Id. See also Smith v. Southern Pacific Co., 187 F.2d 397, 402 (9th Cir. 1951)(doubtful questions of law must be determined by state court on remand).

The complaint alleges that Universal issued a liability insurance policy to Ackers, Inc., doing business as Ask Powersports. Steven Wiseman was allegedly an employee of Ackers, Inc. Under the terms of the policy, Universal agreed to defend Ackers, Inc. and its employees from any claims for injury or death resulting from the negligent sale or sale of defective products by Ackers, Inc., and to satisfy any final judgment which might be rendered against Ackers, Inc. and its employees in an amount up to $3,500,000 plus interest. The complaint further alleges that on August 10, 2000, Crystal L. Wright was severely injured while riding as a passenger on a defective motorcycle sold by Ackers, Inc. Wright filed an action in the Court of Common Pleas of Meigs County, Ohio, and Universal assigned counsel to represent Ackers, Inc. and its employees, including Steven Wiseman, in that action.

Plaintiff further alleges that defendant Peters was the Universal employee handling the claims asserted by Wright and her children against Ackers, Inc. and its employees. The complaint alleges that Universal and Peters failed to advise Steven Wiseman of three settlement offers made by Wright during the state court litigation, including an offer to settle at or below the high end of the policy limits which would have eliminated any personal exposure to Wiseman. It is further alleged that the defendants failed to inform Wiseman of the results of the investigations made by Universal and Peters of the facts of the accident and other matters relating to the likelihood of liability and the amount of damages sustained. The complaint further alleges that the defendants failed to advise Wiseman of his apparent and probable liability, and further failed to inform Wiseman of an actual

4

conflict of interest between Ackers, Inc. and its employees, or of Wiseman's right to separate counsel under Ohio law and the insurance policy.

The state court action resulted in a judgment in favor of Wright in the amount of $6,278,703.00 plus attorney's fees in the amount of $233,588.00, plus interest at a rate of 10%. Universal paid the sum of $3,875,141.14, with additional coverage available for court costs up to $50,000.00. Plaintiff alleges that the actions of the defendants constituted negligence, bad faith, and wanton and reckless disregard for the rights of Wiseman, and that, as a proximate result of defendants' conduct, the estate of Wiseman has been damaged. Thus, the claims advanced by plaintiff sound in tort rather than in breach of contract.

Defendants argue that the complaint in this case fails to assert a claim under Ohio law against defendant Peters as an employee of Universal. Defendants acknowledge that under Ohio law, an insurer owes a duty to exercise good faith in defending and settling claims against the insured, and a breach of that duty will give rise to a cause of action by the insured. See Zoppo v. Homestead Ins. Co., 71 Ohio St.3d 552 (1994); Centennial Ins. Co. v. Liberty Mutual Ins. Co., 62 Ohio St.2d 221 (1980). The breach of the duty to act in good faith will give rise to a cause of action in tort against the insurer irrespective of any liability arising from breach of contract. Staff Builders, Inc. v. Armstrong, 37 Ohio St.3d 298 (1988). As the Ohio Supreme Court noted in Hoskins v. Aetna Life Ins. Co., 6 Ohio St.3d 272, 276 (1983):

> The liability of the insurer in such cases does not arise from its mere omission to perform a contractual

5

> obligation, for it is well established in Ohio that it is no tort to breach a contract, regardless of motive. Rather, the liability arises from the breach of the positive legal duty imposed by law due to the relationship of the parties. This legal duty is the duty imposed upon the insurer to act in good faith and its bad faith refusal to settle a claim is a breach of that duty and imposes liability sounding in tort. (Citations omitted.)

Defendants argue that these cases only impose liability on the insurer. However, the issue of the individual liability of an employee of an insurer was not addressed in those cases.

Defendants also cite Variety Iron & Steel Works Co. v. Poak, 89 Ohio St. 297 (1914), in which the Ohio Supreme Court stated: "Negligence in the legal sense is the omission of some duty imposed by law, a failure on the part of the defendant to perform a legal duty that is owed to the plaintiff." Defendants argue that Peters owed no legal duty to the plaintiff in this case. Plaintiff responds that Ohio courts have stated that an insurance adjuster has an independent duty to evaluate risks and potential liability for claims upon which he is assigned. See Watson v. Grant Medical Center, 123 Ohio Misc.2d 40, 52 (Com.Pl. 2003)(citing Basil v. Wagoner, No. 94APE12-1716, 1792 (unreported 10th Dist.), 1995 WL 546889 (Ohio App. 1995)(in the context of an award of prejudgment interest under Ohio Rev. Code §1343.03(C)).

Plaintiff relies on Ohio cases which address the personal liability of employee-agents for torts committed during the course of their employment. In Richards v. Stratton, 112 Ohio St. 476, Syll. ¶ 1 (1925), the Ohio Supreme Court held that an agent of an employer who undertakes and enters upon a particular work is required to exercise ordinary care in the manner of executing it,

6

and if he negligently injures another, he is liable for damages. In <u>Losito v. Kruse</u>, 136 Ohio St. 183 (1940), a case involving an automobile accident caused by an employee, the Ohio Supreme Court held that where a servant commits a wrong while acting within the scope of his employment, the plaintiff has a right of action against either the master or the servant or against both. The court noted that the liability of one tortfeasor for wrongs committed solely by another arises where one as principal or master delegates a course of action to his agent or servant, who, while acting within the scope of authority or employment as to such course of action, commits a tortious act resulting in injuries to third persons. <u>Id</u>. at 185-86.

In <u>Schaefer v. D & J Produce</u>, 62 Ohio App.2d 53 (1978), the court held that an employee was personally liable to a third party injured in an automobile accident caused by the employee. The court noted that in such a case, the duty of care owed to third persons by the principal was delegated to the employee by reason of the delegation of duties which involved an undue risk of harm to others, and the employee was individually liable. <u>Id</u>. at 58-61. In <u>Employers' Fire Ins. Co. v. United Parcel Service</u>, 45 Ohio Ops. 475 (Ohio App. 1950), a mink coat was damaged while being delivered by defendant's employee to a warehouse. The court stated that where an agent has entered an undertaking and neglects to perform a duty owed to the principal, if by that neglect he also violates a duty to a third person, he is personally liable because he is a wrongdoer or has failed in a common law obligation to use that which he controls so as not to injure others. <u>Id</u>. at 477. <u>See also</u> <u>Lepera v. Fuson</u>, 83 Ohio App.3d 17, 23 (1992)("A tort victim

7

is entitled to recover from the agent as well as the principal for fraudulent misstatements made by the agent in the course of his employment.").

While the above cases do not specifically address the liability of an employee of an insurer, the imposition of liability on an individual agent or adjuster is not a novel concept. It has been noted generally that an insurance agent is liable for his or her own tortious conduct to the same extent as though the agent had been acting on his or her own behalf and not as an agent. Lee R. Russ, Thomas F. Segalla, Couch on Insurance 3d §55:11 (West Group 1997). See Alliston v. Omega Ins. Co., 983 F.Supp. 675, 677 (S.D.Miss. 1997)(under Mississippi law, insurance agents and adjusters, while not liable for ordinary negligence in performing their duties on behalf of the insurer, can incur independent liability when their conduct constitutes gross negligence, malice, or reckless disregard for the rights of the insured); Grace v. Interstate Life & Acc., Ins. Co., 916 F.Supp. 1185 (M.D.Ala. 1993)(insurance agent can be sued in individual capacity for fraudulent suppression and misrepresentation in connection with sale of policies).

In Ohio, courts have held that individual insurance agents may be held personally liable for tortious conduct including misrepresentation, negligence in failing to obtain coverage, and negligence in failing to exercise reasonable case in advising customers about the terms of coverage. See Heights Driving School, Inc., No. 81727 (unreported 8th Dist.), 2003 WL 1759744 (Ohio App. 2003)(negligent misrepresentation); The Island House Inn, Inc. v. State Auto Ins. Cos., 150 Ohio App.3d 522, 525 (2002)(insurance

8

agent has duty to exercise reasonable care to advise as to insurance needed when agent knows that customer is relying on his expertise); Gerace Flick v. Westfield Nat'l Ins. Co., No. 01 CO 45 (unreported 7th Dist.), 2002 WL 31168883 (Ohio App. 2002)(failure to procure insurance); Clements v. Ohio State Life Ins. Co., 33 Ohio App.3d 80, 89 (1986)(agent liable for failing to obtain coverage); Lawson v. Ohio Casualty Ins. Co., No. 65336 (unreported 8th Dist.), 1994 WL 245846 (Ohio App. 1994)(failure to use reasonable care in advising customers about terms of coverage); Sokol v. Swan Super Cleaners, Inc., 26 Ohio App.3d 128 (1985)(reversing order of dismissal of fraud and negligence claims against insurer and adjusters); Stuart v. National Indemn. Co., 7 Ohio App.3d 63 (1982)(both insurance agency and president of agency liable for negligent misrepresentation).

In Daniels v. Cincinnati Insurance Co., Nos. 483, 486 (unreported 12th Dist.), 1982 WL 3224 (Ohio App. 1982), the insured homeowners asserted claims for breach of contract, bad faith, fraud and deceit against the insurance company and the insurance adjuster for refusal to pay for damages caused by a fire. Although the court did not specifically discuss the issue of the liability of the adjuster, the court upheld the jury verdict returned against both the insurer and the adjuster. See also Andray v. Elling, No. L-04-1150 (unreported 6th Dist.), 2005 WL 567035 (Ohio App. 2005)(affirming dismissal of action against insurer and claims adjuster for negligence in assessing and denying insurance claim on basis that policy of insurance provided no coverage for the loss, with no mention of claim being improperly asserted against adjuster).

In light of the above authorities, resolving all ambiguities in the controlling state law in favor of the plaintiff, this court cannot say that plaintiff's claims against Peters are frivolous or unfounded.  There is a reasonable basis in Ohio law for concluding that Ohio courts may recognize a claim based on negligence or wanton and reckless conduct on the part of Peters as the claims adjuster in this case.  Defendants have not met their burden of showing that plaintiff's claims against Peters are not colorable, so as to establish diversity jurisdiction in this case.  Defendants have cited no Ohio authority which specifically disallows such claims.  While this court has been unable to locate any Ohio cases which have specifically addressed the particular type of claims involved in this action, there are other authorities which reasonably suggest that Ohio may recognize a cause of action against an insurance adjuster under the circumstances pleaded in the complaint.

The court agrees with the report and recommendation of the magistrate judge that defendants have failed to show fraudulent joinder in this case, and that remand of this action to the state court is appropriate.  The defendants' objection to the report and recommendation of June 13, 2005, is denied.  Due to the lack of diversity jurisdiction, this case is hereby remanded to the Court of Common Pleas of Meigs County, Ohio.

Date: September 21, 2005         ____s\James L. Graham____
                                 James L. Graham
                                 United States District Judge

10